**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5083**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

GIOVANNI HERNANDEZ-SANCHEZ, a/k/a Joninim Fernandez, a/k/a
Julio Iglesias, a/k/a Julio Iglesian, a/k/a Jovani Hernandez,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (3:07-cr-00376-JFA-1)

———————

Submitted:  July 31, 2008      Decided:  September 2, 2008

———————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Allen B. Burnside, Assistant Federal Public Defender, Aileen P.
Clare, Research & Writing Specialist, Columbia, South Carolina, for
Appellant. Kevin F. McDonald, Acting United States Attorney, Anne
Hunter Young, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giovanni Hernandez-Sanchez appeals the seventy-month sentence imposed after he pleaded guilty to illegal reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Finding no error, we affirm.

Hernandez-Sanchez argues that the district court imposed an unreasonable sentence by applying the sixteen-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2006). Specifically, although Hernandez-Sanchez concedes that he pled guilty to resisting arrest under South Carolina law, he asserts that he was convicted of a misdemeanor under S.C. Code Ann. § 16-9-320(A) (2003), rather than a felony under § 16-9-320(B). This distinction is critical, as a felony resisting arrest conviction qualifies as a "crime of violence"[*] that supports the sixteen-level enhancement of Hernandez-Sanchez's offense level, whereas a misdemeanor resisting arrest conviction does not.

We conclude that the evidence supports the district court's finding that the Government established Hernandez-Sanchez's conviction for felony resisting arrest. Although Hernandez-Sanchez

---

[*]A "crime of violence" includes "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii). Hernandez-Sanchez does not argue that felony resisting arrest under South Carolina law does not qualify as a crime of violence under USSG § 2L1.2(b)(1)(A)(ii).

points out that the criminal docket report code, an administrative code reported on the state sentencing sheet, is not dispositive, see State v. Bennett, 650 S.E.2d 490, 493-95 (S.C. Ct. App. 2007), the code was only one piece of the corroborating evidence. The probation officer's recommendation was also supported by the fact that the plea and sentencing sheet contained notations corresponding to the penalties for felony resisting arrest. The offense description on the plea and sentencing sheet was also specific to the language of the felony subsection. Finally, the "lesser included offense" box was unchecked. In short, the determination that Hernandez-Sanchez pleaded guilty to felony resisting arrest was supported by a preponderance of the evidence. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence . . .").

Hernandez-Sanchez also argues, as he did below, that application of the sixteen-level enhancement resulted in a sentence that is greater than necessary to achieve the statutory purposes of sentencing. He claims that the facts underlying his conviction are not typical of a crime of violence, and that the district court should have considered that Hernandez-Sanchez will likely also suffer the non-criminal sanction of deportation.

This court will affirm a sentence so long as it is within the statutorily prescribed range and is reasonable. United

States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, the district court must (1) properly calculate the guidelines range; (2) determine whether a sentence within that range serves the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors in light of the arguments presented by the parties; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Pauley, 511 F.3d at 474 (quoting Gall, 128 S. Ct. at 597).

Here, the district court properly calculated the guidelines range, granted a variance in Hernandez-Sanchez's favor based on an amendment to USSG § 4A1.2(a)(2) not yet in effect at the time of the sentencing hearing, and determined that a sentence at the bottom of that recalculated range would best serve the § 3553(a) factors. The district court considered the circumstances of the 2006 resisting arrest conviction and was aware of the issue of deportation. Based on the record as a whole, the district court properly considered all the factors and arguments in arriving at its sentence. Thus, there was simply no abuse of discretion.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED